# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs September 28, 2004

## STATE OF TENNESSEE V. MICHAEL TREW

**Direct Appeal from the Criminal Court for Meigs County**
**No. 3024     E. Eugene Eben, Judge**

---

**No. E2003-01915-CCA-R3-CD - Filed November 17, 2004**

---

This is an appeal as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. The Defendant, Michael Trew, was found guilty by jury verdict of driving under the influence of an intoxicant (DUI), a Class A misdemeanor, and violating the implied consent law. The Defendant was sentenced to eleven months and twenty-nine days, with seven days to be served in the county jail; fined $400; and had his driver's license suspended for one year. The Defendant now appeals, claiming that the evidence at trial was insufficient to support his DUI conviction beyond a reasonable doubt. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Joe H. Walker and Walter B. Johnson, Public Defenders, Harriman Tennessee, for the appellant, Michael Trew.

Paul G. Summers, Attorney General and Reporter; Jennifer Bledsoe, Assistant Attorney General; James Scott McCluen, District Attorney General; and Frank Harvey, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

The record shows that on the night of June 8, 2000, Trooper Phillip Dunn of the Tennessee Highway Patrol clocked the Defendant driving his Ford Mustang 72 miles per hour on a portion of Highway 68 in Meigs County that was zoned for a maximum of 55 miles per hour. Trooper Dunn activated his blue lights, which automatically turned on a dashboard video camera, and stopped the Defendant. When Trooper Dunn approached the Defendant, he "noticed a strong odor of intoxicant" about the Defendant's person. Upon further inspection, Trooper Dunn observed that the Defendant had "bloodshot eyes," was "slurred in his speech," and "appeared to be intoxicated."

Trooper Dunn attempted to administer three different field sobriety tests. He first requested that the Defendant perform the "finger to nose" test, which the Defendant was able to complete but Trooper Dunn believed was done in an "unsteady" manner. Trooper Dunn also requested the Defendant perform the "one legged stand" test, but the Defendant refused, citing a back problem. Finally, Trooper Dunn had the Defendant perform the "walk and turn" test, noting that the Defendant was "unsteady" and "stumbled," attempted the test twice, and on one occasion did not touch his toe to his heel as requested.

Following the Defendant's poor performance on the field sobriety tests, Trooper Dunn placed the Defendant under arrest for DUI. A search incident to the arrest produced a pair of brass knuckles on the Defendant's person. Trooper Dunn advised the Defendant of his rights under the implied consent law. The Defendant acknowledged that he understood his rights as well as the ramifications of refusing to submit to a blood alcohol test, and declined to submit to the test.

The record also reflects that during Trooper Dunn's interaction with the Defendant the night of the incident, the Defendant stated that he had consumed "two or three" beers. Additionally, after the Defendant had already been arrested for DUI, he requested that Trooper Dunn charge him only with "PD," presumably referring to the less serious charge of public drunkenness.

Trooper Dunn further testified that as he sat in the patrol car with the Defendant after the arrest, it "was obvious" that the Defendant was intoxicated and incapable of safely operating a motor vehicle. Trooper Dunn's dashboard camera and video equipment captured much of the incident on tape, including the administration of the field sobriety tests.

A grand jury returned an indictment against the Defendant with four separate counts: (1) driving under the influence of an intoxicant (DUI); (2) violating the implied consent law; (3) second offense DUI; and (4) possession of a weapon with intent to go armed. Prior to trial, the second offense DUI was disposed of and the weapons charge was dismissed due to a faulty indictment. Also prior to trial, the defense and the State agreed to edit the video of the incident that would be shown to the jury due to its excessive length. The edited tape would exclude the Defendant's request to be charged with "PD" instead of DUI, but by agreement this evidence would be admitted through the oral testimony of Trooper Dunn.

A jury trial was conducted, wherein Trooper Dunn was the sole witness to offer testimony, and the video of the incident was shown to the jury. The jury returned a verdict of guilty for the charges of DUI and violating the implied consent law. A sentencing hearing was held later that same day and the trial court sentenced the Defendant to: (1) eleven months and twenty-nine days with seven days to be served in the Meigs County Jail and the remainder on probation; (2) a $400 fine; and (3) suspension of the Defendant's driver's license for one year to run concurrently with his loss of license for violating the implied consent law. The Defendant timely filed a motion for new trial. After a hearing, the trial court denied the motion. The Defendant timely filed a Notice of Appeal.

**ANALYSIS**

The Defendant argues that the evidence presented at trial was insufficient to convict him, beyond a reasonable doubt, of driving under the influence of an intoxicant. We disagree.

Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." A convicted criminal defendant who challenges the sufficiency of the evidence on appeal bears the burden of demonstrating why the evidence is insufficient to support the verdict, because a verdict of guilt destroys the presumption of innocence and imposes a presumption of guilt. See State v. Evans, 108 S.W.3d 231, 237 (Tenn. 2003); State v. Carruthers, 35 S.W.3d 516, 557-58 (Tenn. 2000); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This Court must reject a convicted criminal defendant's challenge to the sufficiency of the evidence if, after considering the evidence in a light most favorable to the prosecution, we determine that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Hall, 8 S.W.3d 593, 599 (Tenn. 1999).

On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable and legitimate inferences which may be drawn therefrom. See Carruthers, 35 S.W.3d at 558; Hall, 8 S.W.3d at 599. A guilty verdict by the trier of fact accredits the testimony of the State's witnesses and resolves all conflicts in the evidence in favor of the prosecution's theory. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). Questions about the credibility of witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, and this Court will not re-weigh or re-evaluate the evidence. See Evans, 108 S.W.3d at 236; Bland, 958 S.W.2d at 659. Nor will this Court substitute its own inferences drawn from circumstantial evidence for those drawn by the trier of fact. See Evans, 108 S.W.3d at 236-37; Carruthers, 35 S.W.3d at 557.

The Defendant was convicted of driving under the influence of an intoxicant in violation of Tennessee Code Annotated section 55-10-401. This statute makes it unlawful for "any person to drive or to be in physical control of any automobile or other motor driven vehicle on any of the public roads or highways of the state . . . while: Under the influence of any intoxicant . . . ." Tenn. Code Ann. § 55-10-401(a)(1). The Defendant was also found to have violated Tennessee's implied consent law for refusing to submit to a blood alcohol content test. The implied consent law states that "[a]ny person who drives any motor vehicle in the state is deemed to have given consent to a test for the purpose of determining the alcoholic or drug content of that person's blood . . . ." Tenn. Code Ann. § 55-10-406(a)(1). Provided the vehicle operator had a valid driver's license, no prior convictions, and no one was injured in an accident, refusal to submit to a blood alcohol test does not result in a "criminal offense," but does carry the penalty of revocation of the violator's driver's license for a year. Tenn. Code Ann. § 55-10-406(a)(3).

The Defendant asserts that the State presented insufficient evidence to show beyond a reasonable doubt that the Defendant was under the influence of an intoxicant on the night of his

arrest. Specifically, the Defendant claims the video tape of the field sobriety tests shows that the "Defendant was not impaired." In support of this claim the Defendant argues that the video tape allows this Court to "look at the same circumstances" that the trial court and convicting jury considered. The Defendant further argues that the video clearly shows that he successfully completed the "most difficult task" of pointing his finger to his nose. Thus, the Defendant asserts, the video is proof he was not impaired and the case against him should be dismissed. However, the Defendant's argument has failed to account for all of the evidence--including evidence other than the video--which was presented at trial.

We acknowledge that the Tennessee Supreme Court has declared that an appellate court is "[e]qually as capable as the trial court of reviewing [video] evidence." State v. Binette, 33 S.W.3d 215, 219 (Tenn. 2000). However, this does not change the fact that this court must examine all of the evidence in the light most favorable to the State. See Jackson, 443 U.S. at 319. Moreover, we are mindful that the weight and value of the evidence is to be resolved by the trier of fact. See Evans, 108 S.W.3d at 236. Unlike the facts in Binette, the video presented to the jury in the case sub judice did not portray all of the relevant evidence presented at trial.

According to the record, Trooper Dunn testified that the Defendant had an odor of an intoxicant about him, had bloodshot eyes, and slurred speech. Trooper Dunn also testified that the Defendant admitted he had "two or three" beers, and somewhat incriminated himself with his request to be charged with "PD." Furthermore, Trooper Dunn, who had fifteen years of experience with the Tennessee Highway Patrol, testified that when he first observed the Defendant he "appeared to be intoxicated," and by the time the Trooper had spent nearly an hour with the Defendant, it was "obvious" to him that the Defendant was intoxicated and would be unsafe behind the wheel. All of the preceding constitutes evidence that was presented to the jury, but not reflected in the video. We note that this Court has often found that an arresting officer's testimony alone is sufficient to support a defendant's conviction for driving under the influence of an intoxicant. See State v. Vasser, 870 S.W.2d 543 (Tenn. Crim. App. 1993).

Moreover, this Court has carefully reviewed the video of the incident that the jury viewed, and has determined that it would not prevent a rational trier of fact from concluding that the State had indeed shown the Defendant to be guilty of driving under the influence of an intoxicant beyond a reasonable doubt. The video does not contradict the trooper's testimony that the Defendant was "unstable" in the "finger to nose" test, or that he stumbled and missed a heel-to-toe step during the "walk and turn" test. The video also fails to either substantiate or discredit much of the evidence presented at trial, such as the odor of intoxicant about the Defendant, his bloodshot eyes, slurred speech or incriminating statements or actions.[1] Furthermore, the issues the Defendant raises in reference to the video tape, such as his performance on the field sobriety tests, go to the weight and credibility of the evidence, and this Court will not re-weigh or re-evaluate the evidence. See Evans, 108 S.W.3d at 236.

---

[1] While the video tape of the incident provides valuable information, we note that technical difficulties prevented the audio from being understandable on a majority of the recording.

While the video shows that the Defendant was not "falling-down drunk," the statute he was convicted under requires only that the prosecution prove the Defendant was "[u]nder the influence of an intoxicant." Tenn. Code Ann. § 55-10-401(a)(1). The Defendant has failed to carry his burden of demonstrating that the evidence was insufficient to support his conviction. After considering all of the evidence presented in the light most favorable to the State, including both the video of the incident and Trooper Dunn's testimony, we conclude that the evidence was sufficient to support the Defendant's conviction for DUI beyond a reasonable doubt.

## CONCLUSION

For the above stated reasons, the judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE